IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRIAN MOORE,

    Plaintiff,

    v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

Civil Action No.:  JRR-23-2038

## MEMORANDUM OPINION

Plaintiff Brian Moore, a federal inmate incarcerated at the Federal Correctional Institution in Berlin, New Hampshire, has filed this civil action[1] in which he claims to have been assaulted twice while incarcerated at the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland") in violation of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, and the Eighth Amendment to the United States Constitution pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*").  Mr. Moore names as Defendants the United States of America; Crystal Carter, Warden of FCI-Cumberland; Frank Armiento; Robert Dawson; Ian McCoy; Daniel Miller; Christopher Kleptich; Ricky Rakowski; Michael Preston; Ty Divelbliss; Steven Eirich; Darrell Huff; Dr. Mohamed Moubarek; and Matthew DeMercurio.[2]

Pending before the Court is Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment.  ECF No. 28; the "Motion."  Mr. Moore opposes the Motion.  ECF Nos. 35, 38.  Having reviewed the submitted materials, the Court finds no hearing is necessary.  Local Rule

---

[1] Mr. Moore's Amended Complaint is at ECF No. 7 with supplements and attachments thereto at ECF No. 8, 10, 16 36, and 40.
[2] The Clerk will be directed to amend the docket to reflect Defendants' full and correct names.

105.6 (D. Md. 2023).  For the reasons set forth below, Defendants' Motion will be granted in part and denied in part.

## BACKGROUND

Mr. Moore alleges that, while incarcerated at FCI-Cumberland, he was subjected to excessive force on two occasions in violation of his rights under the Eighth Amendment to the United States Constitution.  ECF Nos. 7, 8, and 10.  Mr. Moore also contends that he was denied procedural and substantive due process in the course of a related disciplinary hearing.[3]  ECF No. 8 at 2.  Mr. Moore also asserts that Defendants committed fraud during the disciplinary proceedings.  *Id.*

### I.     July 18, 2021 Incident

Mr. Moore's allegations as to an incident on July 18, 2021, arise out of alleged interactions with Defendant Dawson when Dawson escorted Mr. Moore for a visual search at FCI-Cumberland.  ECF No. 8 at 3.  According to Mr. Moore, Mr. Moore pushed back against the search stating, "you motherfuckers don't know who you're dealing with."  *Id.* at 1.  In response, Dawson allegedly told him not to resist and start walking.  *Id.*  Mr. Moore alleges he pulled away from Dawson to try to break his hold.  *Id.*  Mr. Moore states that Dawson tripped him and kneeled on his head and neck with his full body weight.  ECF No. 7 at 4; ECF No. 8 at 1, 3.  Then, Mr. Moore alleges, Defendant McCoy leaped off the stairs and kneed Mr. Moore in his right side and back; and that Dawson also pulled Mr. Moore's ponytail and his right ear.  ECF No. 7 at 4.  Mr. Moore was allegedly then placed in leg restraints and escorted to a holding cell.  ECF No. 8 at 1.

---

[3] Mr. Moore cannot challenge his loss of time credits as a result of a disciplinary hearing in this case.  Such a challenge is properly brought in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Therefore, Mr. Moore's claim as to this issue will be dismissed without prejudice.

An incident report was filed and Mr. Moore was found to have committed a prohibited act (assaulting an officer) and lost 27 good time credits as a result. ECF No. 8 at 1-2, 9. Mr. Moore asserts that Hearing Officer Huff was not impartial and ignored exonerating evidence in favor of Dawson's testimony. *Id.* at 4. He further alleges that Dawson and Miller made fraudulent statements in the incident report and to Huff by stating that Mr. Moore had threatened Dawson. *Id.* at 7. He also contends that Huff fraudulently allowed Miller to testify to events at which Miller had not been present. *Id.* at 8.

It is uncontested and undisputed that Mr. Moore filed an administrative tort claim about the incident, TRT-MXR-2023-06559, which was denied on August 30, 2023, because he failed to demonstrate that he suffered a personal injury due to a government employee's negligence. ECF No. 10-2; ECF No. 28-2 at ¶ 17 (Misty Shaw Decl.).

## II.    July 24, 2022 Incident

As to an alleged incident a year later, Mr. Moore alleges that he was assaulted by Defendants Dawson and Armiento. Defendant Dawson allegedly slammed Mr. Moore to the ground, kneeled on him and said "I'm gonna fuck you good Jew Boy." ECF No. 7 at 4. Defendant Armiento allegedly added "I thought he was a nigger" to which Dawson allegedly replied "nigger Jew they are all the same, ain't that right Nigger Jew Boy? I'm gonna fuck you real good Jew Boy." *Id.* According to Mr. Moore's allegations, Armiento then warned Dawson to "get up off of 'em, don't do nothing the chaplain is coming & I think he see it all." *Id.* at 5.

As of May 1, 2024, there was no record that Mr. Moore filed an administrative tort claim regarding this incident. ECF No. 28-2 at ¶ 19. However, on August 12, 2024, the Court received from Mr. Moore what appears to be an administrative tort claim filed July 15, 2024, complaining of this incident. ECF No. 40-1 at 8. Mr. Moore's claim was denied by letter on September 17,

2024.  *See* ECF No. 41-2 at 1-2.  In addition, it is undisputed that Mr. Moore has initiated no administrative process for administrative remedies regarding alleged assaults since July of 2021; and he has filed for administrative remedies on 21 other occasions.  ECF No. 28-2 at ¶ 23.[4]

As relief, Mr. Moore seeks $1 billion, termination of all Defendants' employment, and physical therapy and counseling.  ECF No. 7 at 5.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal when the plaintiff has failed to establish subject matter jurisdiction.  FED. R. CIV. P. 12(b)(1).  When a defendant asserts that the plaintiff has failed to allege facts sufficient to establish subject matter jurisdiction, the allegations in the complaint are assumed to be true, and "the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction."  *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).  When a defendant asserts that facts outside of the complaint deprive the court of jurisdiction, the Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *Kerns*, 585 F.3d at 192.  The court should grant a Rule 12(b)(1) motion based on a factual challenge to subject matter jurisdiction "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint to state a claim for relief.  FED. R. CIV. P. 12(b)(6).  To defeat a motion

---

[4] To the extent the Court will consider exhibits outside of the pleadings regarding exhaustion of administrative remedies, Defendants' motion will be considered under the summary judgment standard set forth more fully below. *See Bosiger v. U.S. Airway*s, 510 F.3d 442, 450 (4th Cir. 2007).

to dismiss under Rule 12(b)(6), the complaint must allege sufficient or adequate facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. Of Comm'rs of Davidson Cnty., NC*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally, as documents drafted and filed by self-represented individuals are held to a less stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

Although Defendants have submitted exhibits with their Motion, when deciding a motion to dismiss under Rule 12(b)(6), a court typically considers only the complaint and any attached documents. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). Pursuant to Rule 12(d), where a court considers (and does not exclude from consideration) documents attached to a motion to dismiss or (alternatively) for summary judgment, the court treats the motion as one for summary judgment per Rule 56. FED. R. CIV. P. 12(d). Before converting a motion to dismiss to one for summary judgment, courts must give the nonmoving party "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* "Reasonable opportunity" has two components: (1) the nonmoving party must have notice that the court is treating the Rule 12(b)(6) motion as a motion for summary judgment; and (2) the

nonmoving party must be afforded a "reasonable opportunity for discovery" to obtain information essential to oppose the motion. *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985).

Here, the notice requirement has been satisfied by the title of Defendants' Motion. To show that a reasonable opportunity for discovery has not been afforded, the nonmoving party must file an affidavit or declaration under Rule 56(d), or another filing, explaining why "for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(d); *see Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244–45 (4th Cir. 2002). Where Mr. Moore has not submitted such a filing, the Court will construe Defendants' Motion as a motion for summary judgment for purposes of the arguments requiring consideration of the exhibits.

Under Rule 56(a), a movant is entitled to summary judgment upon demonstrating that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing the Motion, the Court views the facts in the light most favorable to the nonmoving party, with all justifiable inferences drawn in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court may rely only on facts supported in the record, not simply assertions in the pleadings or papers. *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute of material fact is "genuine" only if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Id.* at 248–49.

## DISCUSSION

In their Motion, Defendants argue that: (1) the Court lacks subject-matter jurisdiction because Mr. Moore did not file a tort claim regarding the July 24, 2022 incident; (2) the Court

lacks subject-matter jurisdiction over the individual Defendants; (3) the Government has not waived sovereign immunity for fraud claims; (4) Mr. Moore's *Bivens* claims fail due to the FTCA's judgment bar; (5) Mr. Moore failed to exhaust his administrative remedies; (6) Mr. Moore failed to allege personal involvement by several Defendants; (7) Mr. Moore cannot recover for emotional or psychological damages without showing physical injury; and (8) Mr. Moore fails to generate a triable issue as to his claim that he was not afforded due process.

## I.    FTCA

### a.    2022 Assault - July 24, 2022 Incident

Defendants assert that Mr. Moore's FTCA claim regarding the alleged 2022 incident is not properly before this Court because he did not submit a claim through the Bureau of Prison's ("BOP") administrative tort process. ECF No. 28-1 at 9. Before filing an FTCA claim in federal court, a plaintiff must first exhaust the administrative process established under the FTCA, consisting of (1) presenting the relevant federal agency with a claim describing, with particularity, the alleged injury and damages; and (2) either receiving a written denial of the claim from the agency or waiting six months from the date of filing without obtaining a final agency disposition. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 112 (1993). The plaintiff's tort claim under the FTCA must be presented to the appropriate agency within two years after the claim accrues. 28 U.S.C. § 2401(b); *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994). Further, the claim, as presented to the appropriate agency, must be "sufficient to enable the agency to investigate" and must place "a 'sum certain' value on [the] claim." *Ahmed*, 30 F.3d at 517 (quoting *Adkins v. United States*, 896 F.2d 1324, 1326 (11th Cir. 1990)). Importantly, a plaintiff must strictly comply with FTCA procedural requirements. *See, e.g.*, *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000) ("Precisely because the FTCA constitutes a waiver of sovereign

immunity, plaintiffs . . . must file an FTCA action in careful compliance with its terms."). A plaintiff bears the burden of proving an unequivocal waiver of sovereign immunity by showing compliance with the administrative claim requirements. *Lumpkins v. United States*, 187 F. Supp. 2d 535, 538 (D. Md. 2002).

Here, Defendants submit the uncontested declaration of Misty Shaw, BOP Mid-Atlantic Regional Office paralegal. Shaw attests that she conducted a search of the BOP's tort claim database. ECF No. 28-2 at ¶ 19. She avers that since filing his claim about the 2021 incident, Mr. Moore filed only two additional claims – both of which concerned property loss. *Id.* Mr. Moore later submitted what appears to be the relevant tort claim, which is signed and dated July 15, 2024. ECF No. 39-1; ECF No. 40-1 at 8. As stated above, before instituting action in this Court, Mr. Moore was legally required to file his administrative tort claim and either (i) receive a written denial or (ii) allow the passage of six months absent written determination of the claim. Thus, having failed to allege or demonstrate that he filed an administrative FTCA claim regarding the 2022 incident prior to filing this case in 2023, or even raise a challenge on this issue, the Court concludes that Mr. Moore did not exhaust his administrative remedies. Accordingly, his FTCA claim for the July 2022 incident will be dismissed without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *Kokotis*, 223 F.3d at 278.

### b. 2021 Assault - July 18, 2021 Incident

Defendants argue that the remaining FTCA claim against them in their individual capacities fails because an FTCA claim may be brought only against the United States government, and, therefore, this claim against the individual Defendants should be dismissed. ECF No. 28-1 at 10.

The FTCA provides "a limited congressional waiver of sovereign immunity for injury or loss caused by the negligent or wrongful act of a Government employee acting within the scope of his or her employment" which allows the United States "to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." *Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001). Under the FTCA, the United States is liable, as a private person, for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). In order for a claim to be actionable under the FTCA, it must be (1) against the United States; (2) for money damages; (3) for injury, loss of property, personal injury, or death; (4) caused by the negligent or wrongful act or omission of a government employee who was (5) acting within the scope of employment (6) under circumstances where the United States, if it were a private person, would be liable. *Brownback v. King*, 592 U.S. 209, 212 (2021).

Significantly, a claim against the United States is the exclusive remedy under the FTCA and "[a]ny other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred." 28 U.S.C. § 2679(b)(1). This provision, commonly known as the Westfall Act, confers absolute immunity on federal employees from common law tort claims against them in their individual capacities arising from conduct occurring during the course of their official duties. *Osborn v. Haley*, 549 U.S. 225, 229 (2007). Pursuant to this statute, the Attorney General may certify that a federal employee's action at issue in a civil action occurred within the scope of the employee's office or employment, and the Court is generally bound to accept such a certification. 28 U.S.C. § 2679(d); *see Osborn*, 549 U.S. at 241 (holding that district courts have

"no authority to return cases to state courts on the ground that the Attorney General's certification was unwarranted").

Here, Defendants have provided a certification from the United States Attorney for the District of Maryland[5] attesting that each individual Defendant was each acting within the scope of employment during the alleged incidents.  ECF No. 28-3 at 2.  Thus, Mr. Moore's FTCA claim as to the 2021 incident asserted against Defendants in their individual capacities must be dismissed, leaving the United States as the sole Defendant.

"Absent a statutory waiver, sovereign immunity shields the United States from a civil tort suit."  *Kerns*, 585 F.3d at 193–94 (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).  But, to the extent that the United States has expressly waived sovereign immunity, a plaintiff may recover against the United States.  *See, e.g.*, *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005) (citation omitted); *see also Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 95 (1990) (holding that a waiver of sovereign immunity "cannot be implied but must be unequivocally expressed") (citation and internal quotation marks omitted).

Under the FTCA, Congress has waived the sovereign immunity of the United States, exposing it to tort liability for claims "for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," so long as certain conditions are satisfied.  28 U.S.C. § 1346(b)(1); *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217–18 (2008).  FTCA cases must be "tried by the court without a jury."  28 U.S.C. § 2402.

Notably, "'the FTCA is strictly construed, and all ambiguities are resolved in favor of the United States.'"  *Lins v. United States*, 847 F. App'x 159, 162 (4th Cir. 2021) (quoting *Williams*

---

[5] United States Attorneys serve as the nation's principal litigators under the direction of the Attorney General of the United States of America.

*v. United States*, 50 F.3d 299, 305 (4th Cir. 1995)).  Moreover, the United States may be liable under the FTCA only to the extent that a "private person[] would be liable to the claimant in accordance with the law of the place where the act or omission occurred," 28 U.S.C. § 1346(b)(1), and only "in the same manner and to the same extent as a private individual under like circumstances."  28 U.S.C. § 2674.

Thus, "the substantive law of each state establishes the cause of action."  *Anderson v. United States*, 669 F.3d 161, 164 (4th Cir. 2011); *see United States v. St. Louis Univ.*, 336 F.3d 294, 300 (4th Cir. 2003) (citation omitted).  And, "[t]he Supreme Court has concluded that the 'law of the place' refers to the 'whole law,' including choice-of-law principles of the state where the negligent act or omission occurred."  *Id.* (citing *Richards v. United States*, 369 U.S. 1, 11 (1962)).

Importantly, the United States is not liable for all torts committed by federal employees. Section 1346(b) of Title 28 "grants the federal district courts jurisdiction over a certain category of claims for which the United States has waived its sovereign immunity."  *F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994).  For a claim to fall within that "certain category," it must be:

> "[1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

*Id.* (quoting 28 U.S.C. § 1346(b)(1)) (alterations in original).

Liberally construing Mr. Moore's allegations, he raises a tort claim for assault under the FTCA.  Defendants' Motion does not address the merits of such a claim.  Instead, for reasons unclear to the Court, the Motion argues that the United States did not waive sovereign immunity

as to fraud claims, which therefore, it is argued, must be dismissed. *See* ECF No. 28-1 at 10-11. As the United States does not assert whether it is entitled to sovereign immunity on an assault claim or otherwise address the merits of Mr. Moore's 2021 assault allegations under the FTCA, the Motion to Dismiss for lack of subject matter jurisdiction will be denied without prejudice as to the July 18, 2021 assault as against the United States.

## II.    *Bivens* Claims

### a.    FTCA Judgment Bar

Defendants assert that because Mr. Moore's allegations fail under the FTCA, he is barred from raising them under *Bivens*.  ECF No. 28-1 at 11-12.  Pursuant to 28 U.S.C. § 2676, "[t]he judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." "'[O]nce a plaintiff receives a judgment (favorable or not) in an FTCA suit,' the bar is triggered, and 'he generally cannot proceed with a suit against an individual employee based on the same underlying facts.'" *Brownback*, 141 S. Ct. at 746 (quoting *Simmons v. Himmelreich*, 578 U.S. 621, 625 (2016)).

The Fourth Circuit Court of Appeals views this provision as "precluding a *Bivens* claim against a government employee when a judgment has been entered on a FTCA claim 'arising out of the same actions, transactions, or occurrences' as the *Bivens* claim." *Unus v. Kane*, 565 F.3d 103, 122 (4th Cir. 2009) (quoting *Est. of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 858 (10th Cir. 2005) (citations omitted)).  In *Unus*, the plaintiffs asserted FTCA and *Bivens* claims in the same action based on an incident in which federal agents allegedly violated First and Fourth Amendment rights during a search of a residence and the detention of individuals during the search. *Id.* at 113–14, 120.  The court concluded that the district court's grant of summary judgment on

12

the FTCA claims barred consideration of the *Bivens* claims. *Id.* at 122. In so ruling, the court noted that "[l]itigants frequently face tough choices," and that when "the plaintiffs chose to pursue their claims against the federal agent defendants through *Bivens* as well as under the FTCA . . . they risked having a judgment on the FTCA claims operate to bar their *Bivens* theories." *Id.* The Fourth Circuit has also upheld a district court's dismissal of *Bivens* claims upon the dismissal, on administrative exhaustion grounds, of FTCA claims arising out of the same subject matter. *See, e.g., Freeze v. United States*, 343 F. Supp. 2d 477, 481 (M.D.N.C. 2004), *aff'd* 131 F. App'x 950, 950 (4th Cir. 2005) (*per curiam*); *see also Sanchez v. McLain*, 867 F. Supp. 2d 813, 823 (S.D.W. Va. 2011) (citing *Freeze*).

Because Mr. Moore's 2022 FTCA claim is dismissed for lack of subject matter jurisdiction and because his *Bivens* claim arises out of "the same actions, transaction, or occurrences," Mr. Moore's *Bivens* claim regarding the alleged excessive use of force is barred and will not be considered. *See Unus*, 565 F.3d at 122. Accordingly, the Motion as to this claim will be granted on 12(b)(6) grounds.

### b. Exhaustion of Administrative Remedies

As judgment has not been entered regarding Mr. Moore's 2021 assault claim, his *Bivens* claim regarding those allegations is not barred. Defendants' argue, however, that even if the judgment bar does not apply, Mr. Moore failed to exhaust his administrative remedies and they are entitled to judgment in their favor. ECF No. 28-1 at 12-14.

The Prison Litigation Reform Act provides in pertinent part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. Although exhaustion under §

1997e(a) is not a jurisdictional prerequisite, a plaintiff must nonetheless exhaust before this Court will hear the claim. *Jones v. Bock*, 549 U.S. 199, 215–16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 682 (4th Cir. 2005). Because the Court may not consider an unexhausted claim, exhaustion prior to federal suit is mandatory. *Ross v. Blake*, 578 U.S. 632, 639 (2016). Therefore, a court ordinarily may not excuse a failure to exhaust. *Id.* (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Exhaustion requires an inmate to complete "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). Importantly, however, the Court must ensure that "any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Moreover, an inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a); *see Ross*, 578 U.S. at 636. An administrative remedy is not "available" where the prisoner, "through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citing *Aquilar-Avellaveda*, 478 F.3d at 1225); *Kaba*, 458 F.3d at 684.

The BOP has established an Administrative Remedy Program for inmates to resolve concerns related to their confinement. 28 C.F.R. § 542.10, *et seq*. Under that program, inmates must first attempt informal resolution with staff. 28 C.F.R. § 542.13. If an inmate is unable to resolve the complaint informally, he may file a formal written complaint on the designated form within twenty calendar days following the incident on which the complaint is based. *Id.* § 542.14(a). If an inmate is not satisfied with the Warden's response to the formal complaint, he may appeal, using the appropriate form, to the Regional Director within twenty calendar days of

14

the Warden's response. *Id.* § 542.15(a). If the inmate is still dissatisfied, he may appeal the Regional Director's response to the Office of the General Counsel, located in the BOP Central Office in Washington, D.C., using the appropriate form. The inmate must file this final appeal within thirty calendar days of the date the Regional Director signed the response. *Id.* An inmate is deemed not to have exhausted his administrative remedies until he has pursued the grievance through all levels. 28 C.F.R. § 542.15(a).

As referenced earlier, on this issue, Shaw attests that, since July 2021, Mr. Moore filed 21 administrative remedy complaints but none of them concerned assault allegations. ECF No. 28-2 at ¶ 23. While Mr. Moore generally asserts that he exhausted his administrative remedies (ECF No. 38 at 4), his general contention fails to generate a genuine dispute as to this material fact. (Contradictorily, he also baldly asserts that his administrative remedy process was "thwarted" but offers nothing additional to support or explain this contention. *Id.* at 13.) The undisputed facts establish that Mr. Moore did not exhaust administrative remedies prior to filing his *Bivens* claim in this Court entitling Defendants to judgment in their favor.[6]

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment will be granted in part and denied in part. Within 28 days, Defendant United States shall file an answer or dispositive motion addressing the court's observations above.

A separate Order shall issue.

February 27, 2025

/S/

_____
Julie R. Rubin
United States District Judge

---

[6] Notwithstanding this result, Mr. Moore's FTCA claim regarding the July 2021 incident must be addressed on its merits.