IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BRIAN MOORE,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Civil Action No.:  JRR-23-2038 |

**MEMORANDUM OPINION**

Pending before the Court is Plaintiff Brian Moore's Federal Tort Claims Act (28 U.S.C. §§ 1346(b), 2671-2680; the "FTCA") claim against the United States of America regarding a 2021 assault at the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"). Defendant moves for dismissal of the complaint or, in the alternative, for summary judgment. ECF No. 50.  Mr. Moore opposes the motion.  ECF No. 52.  Mr. Moore has also filed a motion for reconsideration of the Court's Memorandum Opinion issued February 27, 2025.  ECF No. 49. Having reviewed the submitted materials, the Court finds that no hearing is necessary.  D. Md. Local R. 105.6 (2025).  For the reasons set forth below, Defendant's Motion will be granted; and Plaintiff's motion for reconsideration will be denied.

**BACKGROUND**

The Court summarized Mr. Moore's factual allegations pertaining to the 2021 incident in its Memorandum Opinion:

> Mr. Moore's allegations as to an incident on July 18, 2021, arise out of alleged interactions with Defendant Dawson when Dawson escorted Mr. Moore for a visual search at FCI-Cumberland. ECF No. 8 at 3. According to Mr. Moore, Mr. Moore pushed back against the search stating, "you motherfuckers don't know who you're dealing with." *Id.* at 1. In response, Dawson allegedly told him not to resist and start walking. *Id.* Mr. Moore alleges he pulled away from Dawson to try to break his

> hold. *Id.* Mr. Moore states that Dawson tripped him and kneeled on his head and neck with his full body weight. ECF No. 7 at 4; ECF No. 8 at 1, 3. Then, Mr. Moore alleges, Defendant McCoy leaped off the stairs and kneed Mr. Moore in his right side and back; and that Dawson also pulled Mr. Moore's ponytail and his right ear. ECF No. 7 at 4. Mr. Moore was allegedly then placed in leg restraints and escorted to a holding cell. ECF No. 8 at 1.
>
> An incident report was filed and Mr. Moore was found to have committed a prohibited act (assaulting an officer) and lost 27 good time credits as a result. ECF No. 8 at 1-2, 9. Mr. Moore asserts that Hearing Officer Huff was not impartial and ignored exonerating evidence in favor of Dawson's testimony. *Id.* at 4. He further alleges that Dawson and Miller made fraudulent statements in the incident report and to Huff by stating that Mr. Moore had threatened Dawson. *Id.* at 7. He also contends that Huff fraudulently allowed Miller to testify to events at which Miller had not been present. *Id.* at 8.
>
> It is uncontested and undisputed that Mr. Moore filed an administrative tort claim about the incident, TRT-MXR-2023-06559, which was denied on August 30, 2023, because he failed to demonstrate that he suffered a personal injury due to a government employee's negligence. ECF No. 10-2; ECF No. 28-2 at ¶ 17 (Misty Shaw Decl.).

ECF No. 45 at 2-3.

Defendant submitted the declaration of Lieutenant Robert Dawson, who at the time of the alleged assault held the position of Senior Officer Specialist. ECF No. 50-3 at ¶ 2. Dawson attests that after Mr. Moore's initial resistance, they were "off the range" when Mr. Moore pulled away from him again and attempted to break from his hold. *Id.* at ¶ 5. In response, Dawson made an immediate use of force and "placed [Mr. Moore] on the floor with the least amount of force necessary to gain better control." *Id.* at ¶ 5, 10, pg. 7, 9. Once additional staff responded, Mr. Moore was put in leg restraints by those officers, who then escorted him to a holding cell; he was later escorted by Ian McCoy to his medical evaluation. *Id.* at ¶ 5, 11; ECF No. 50-4 at ¶ 4. McCoy attests he was not present during Dawson's use of force and denies using excessive force against Mr. Moore. ECF No. 50-4 at ¶ 4, 5.

2

## NON-DISPOSITIVE MOTION

Because no final judgment has been issued in this case, Mr. Moore's motion for reconsideration is most appropriately construed under Fed. R. Civ. P. 54. Under Rule 54, an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). Reconsideration under Rule 54(b) is within the discretion of the court. *Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003). Although the Rule 54(b) standard is not as exacting as the standard applicable to motions under Rules 59 and 60, *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991), revisiting earlier rulings is generally disfavored and "subject to the caveat that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again,'" *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (quoting *Zdanok v. Glidden Co., Durkee Famous Foods Div.*, 327 F.2d 944, 953 (2d Cir. 1964)). Thus, a motion for reconsideration is "not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request." *Lynn v. Monarch Recovery Mgmt.*, 953 F. Supp. 2d 612, 620 (D. Md. 2013). Otherwise, "there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court." *Potter v. Potter*, 199 F.R.D. 550, 553 (D. Md. 2001).

Mr. Moore's motion takes issue with the Court's wording of some of the factual allegations and otherwise disagrees with the rulings made to his detriment. ECF No. 49. While Mr. Moore may not agree with the Court, that does not provide grounds to reconsider the court's previous rulings. Therefore, his motion will be denied.

**LEGAL STANDARDS**

Rule 12(b)(1) allows a defendant to move for dismissal when the plaintiff has failed to establish subject matter jurisdiction. When a defendant asserts that the plaintiff has failed to allege facts sufficient to establish subject matter jurisdiction (known as a facial challenge), the allegations in the complaint are assumed true, and "the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). When a defendant asserts that facts outside of the complaint deprive the court of jurisdiction, the Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *Kerns*, 585 F.3d at 192. The court should grant a Rule 12(b)(1) motion based on a factual challenge to subject matter jurisdiction "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

**DISCUSSION**

In its Motion, Defendant argues the Court lacks subject matter jurisdiction because the discretionary function exception to the FTCA bars Mr. Moore's claim. ECF No. 50-1 at 6-12.

The United States enjoys sovereign immunity from suit unless it has waived that immunity. *In re KBR, Inc., Burn Pit Litigation*, 744 F.3d 326, 341 (4th Cir. 2014). Under the FTCA, "[t]he United States waived its immunity from tort suits under certain circumstances ... but that waiver is subject to certain exceptions[.]" *Id.* (internal citations omitted). The "discretionary function" exception immunizes the government from "[a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency

or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). "The discretionary function exception ... marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 808 (1984).

The discretionary function exception covers acts that involve an element of judgment or choice. *United States v. Gaubert*, 499 U.S. 315, 322 (1991). To determine if a particular act falls within the exception, a court must first determine whether it involved an element of judgment or choice. If so, the court must go on to determine if the decision is of the sort the exception was designed to shield. *Berkovitz v. United States*, 486 U.S. 531, 536 (1988). "[I]f a regulation mandates particular conduct, and the employee obeys the direction, the Government will be protected because the action will be deemed in furtherance of the policies which led to the promulgation of the regulation." *Gaubert*, 499 U.S. at 324. In the event no mandatory directive exists, "a court must then determine whether the challenged action is one 'based on public policy considerations.'" *Kaufman v. United States*, 84 F. Supp. 3d 519, 527 (S.D.W.V. 2015) (quoting *Berkovitz v. United States*, 486 U.S. 531, 531 (1988)).

Where the discretionary function exception applies, a federal district court lacks jurisdiction under the FTCA. *Goldstar (Panama) S.A. v. United States*, 967 F.2d 965, 971 (4th Cir. 1992). It is a plaintiff's burden to demonstrate that an unequivocal waiver of sovereign immunity exists and that none of the statute's waiver exceptions apply to the claim being raised. *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995). Failing that demonstration, the claim must be dismissed. *See Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001).

Defendant argues that Dawson's actions involved an element of judgment and were not subject to a mandatory directive. ECF No. 50-1 at 9. Defendant states that Bureau of Prisons (BOP) Program Statement 5521.06 and 28 C.F.R. § 552.11 outline the procedures for BOP staff conducting searches, neither of which is mandatory. *Id.* at 10. The cited federal regulation concerning visual searches provides:

> Staff may conduct a visual search where there is reasonable belief that contraband may be concealed on the person, or a good opportunity for concealment has occurred. For example, placement in a special housing unit, … leaving the institution, or re-entry into an institution after contact with the public (after a community trip, court transfer, or after a "contact" visit in a visiting room) is sufficient to justify a visual search. The visual search shall be made in a manner designed to assure as much privacy to the inmate as practicable.

28 C.F.R. § 552.11(c)(1).

BOP staff use of immediate force is also guided by federal regulation:

> The Bureau of Prisons authorizes staff to use force only as a last alternative after all other reasonable efforts to resolve a situation have failed. When authorized, staff must use only that amount of force necessary to gain control of the inmate, to protect and ensure the safety of inmates, staff, and others, to prevent serious property damage and to ensure institution security and good order. Staff are authorized to apply physical restraints necessary to gain control of an inmate who appears to be dangerous because the inmate…(e) becomes violent or displays signs of imminent violence.

28 C.F.R. §§ 552.20. Further, "[s]taff may immediately use force and/or apply restraints when the behavior described in § 552.20 constitutes an immediate, serious threat to the inmate, staff, others, property, or to institution security and good order." *Id.* at § 552.21(a). BOP staff are provided guidance on how to respond reasonably to situations that may require use of force in BOP Program Statement 5566.07. ECF No. 50-3 at ¶ 6.

The Court agrees with Defendant that the BOP Program Statements and federal regulations provide guidance to officers such as Dawson and McCoy on how to reasonably respond in a situation such as the one alleged, where an inmate does not comply with verbal orders and

continues to physically resist; they do not require that officers take any specific course of action. Instead, officer had discretion to use the amount of force against Mr. Moore they deemed necessary to obtain his compliance. The parties notably disagree as to the level of force employed by Dawson and McCoy; however, whether or not these officers may have abused the discretion granted to them, the discretionary function exception still applies. 28 U.S.C. § 2680(a).

"[W]hen established government policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, <u>it must be presumed</u> that the agent's acts are grounded in policy when exercising that discretion." *Wood v. United States*, 845 F.3d 123, 128 (4th Cir. 2017) (quoting *Gaubert*, 499 U.S. at 324) (internal quotations omitted) (emphasis in original). "The treatment of inmates in federal custody inherently involves public policy considerations" concerning the safety and welfare of both inmates and correctional staff within BOP facilities. *Kaufman v. United States*, 84 F. Supp. 3d 519, 529 (S.D.W.V. 2015). The Court finds that the discretionary use of force in light of Mr. Moore's verbal and physical resistance to his escort were informed by policy decisions regarding safety within FCI-Cumberland.

Therefore, the discretionary function exception applies divesting this Court of subject matter jurisdiction.[1] *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) (explaining that when a court finds a jurisdictional bar to an FTCA claim, "rather than granting summary judgment pursuant to [FED. R. CIV. P.] 56(c), the district court should … dismiss[] the [claim] for want of jurisdiction under [FED. R. CIV. P.] 12(b)(1)"); *see also Goldman v. Brink*, 41 F.4th 366, 369 (4th Cir. 2022) (noting a dismissal based on a "defect in subject matter jurisdiction … must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits" (internal quotation marks omitted)).

---

[1] Accordingly, the Court does not address Defendant's alternative argument that Mr. Moore has failed to state a claim for assault under Maryland law. *See* ECF No. 50-1 at 13-15.

## CONCLUSION

For the foregoing reasons, Mr. Moore's Motion for Reconsideration will be denied and Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment will be granted. The Amended Complaint will be dismissed without prejudice for lack of subject matter jurisdiction. A separate Order shall issue.

/S/

December 17, 2025

Julie R. Rubin
United States District Judge